Carl BROOKS, Petitioner–Appellant,

v.

R. EARLY, Warden, Respondent–Appellee.

No. 02–55041.

D.C. No. CV–99–12097–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Oct. 1, 2003.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

MEMORANDUM**

California state prisoner Carl Brooks appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his 25 year to life sentence for petty theft with a prior, in violation of California Penal Code § 666. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Brooks contends that use of his prior felony conviction to enhance his sentence under California's "three strikes law" violated his double jeopardy rights.[1] This contention lacks merit. See United States v. Witte, 515 U.S. 389, 400, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime[.]") (internal quotations omitted). The district court therefore properly denied Brooks' petition. See Williams v. Taylor, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (state court decision must be contrary to or an unreasonable application of federal law).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent that Brooks attempts to raise additional claims on appeal, those claims are not properly before this court. See Park v. California, 202 F.3d 1146, 1155 (9th Cir. 2000) (refusing to consider claims not properly raised in the habeas petition before the district court); Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir.1999) (per curium) (concluding that a court of appeals review is limited to issues specified in the COA).